UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KATHLENE MARCHELE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14-CV-363-PLR-HBG |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Standing Order 13-02.

Now before the Court is the Plaintiff's Response to Order to Show Cause [Doc. 6] filed on August 28, 2015. This Court previously entered an Order [Doc. 5] instructing the Plaintiff to show good cause as to why this Court should not recommend that the District Court dismiss this case without prejudice for failure to perfect service within the 120-day deadline set forth in Federal Rule of Procedure 4(m). In her response, Plaintiff's counsel explains that the inadvertence was a result of her unfamiliarity with this District's electronic filing system. Plaintiff's counsel urges the Court for an extension of time to serve the summonses in this matter.

Pursuant to Federal Rule of Civil Procedure 4(m), "if a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, if a plaintiff has shown good cause for failing to meet the deadline, "the court must extend the time for service for an appropriate period." Id. Further, pursuant to the Advisory Committee and our Supreme Court, "courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause

shown.'" Henderson v. United States, 517 U.S. 654, 662 (1996) (quoting Fed. Rule Civ. Proc. 4, Advisory Committee's Notes).

The Court finds that good cause has been shown for an extension of time in this matter. The Court notes that Plaintiff, regardless of counsel's lack of experience with this District's electronic filing system, has the sole responsibility of effectuating service. See Fed. R. Civ. P. 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). However, the Court finds that an extension of time to effectuate service will not prejudice the Defendant, whereas such a dismissal would be highly prejudicial to the Plaintiff.

Accordingly, the Court **ORDERS** Plaintiff to effectuate service of the Complaint pursuant to Federal Rule of Civil Procedure 4(i) within thirty days (30) of this Order. Should service not be **PERFECTED** on or before **September 29, 2015**, the Court will recommend to the District Court that this matter be dismissed without prejudice. No further extensions of time to effectuate service will be granted in this case.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge